YARDLEY v. TORR et al.

(Circuit Court, E. D. Pennsylvania. April 26, 1895.)

No. 5.

1. FRAUDULENT CONVEYANCES—INNOCENT PURCHASER.

T., a stockholder to a large amount in an insolvent bank, on the day of the failure of such bank conveyed a large quantity of real estate, constituting all his property, to his children, in consideration of natural love and affection. The children of T. subsequently conveyed portions of such real estate to purchasers for valuable consideration, and mortgaged other portions. None of the purchasers or mortgagees had actual notice of T.'s indebtedness at the time of the conveyances to his children. *Held*, that the record of the deeds in consideration of love and affection was not enough to put such purchasers or mortgagees upon inquiry, and they were entitled to hold the land, as against the receiver of the bank.

2. SAME—VOLUNTARY CONVEYANCE.

    *Held,* further, that the voluntary conveyances to the children of T. were void, as against the bank, and the lands, or the proceeds of sales or mortgages thereof, in the hands of such children, were subject to T.'s indebtedness as stockholder.

## Hearing on Bill, Answer, and Proofs.

    This was a bill in equity filed by Robert M. Yardley, as receiver of the Keystone National Bank of the City of Philadelphia, against William S. Torr, Charles C. Torr, Margaret Boyd, William Smith, John Mahony, James Welsh, James Tully, Lucy Torr, Charlotte Grosse, J. Edward Addicks, Robert C. Laird, Morris W. Schaeffer, Anna Bringhurst, Charles E. Taber, Washington H. Bringhurst, Harry Torr, the George Nugent Home for Baptists, the Pennsylvania Museum & School of Industrial Art, Ark Building & Loan Association, the Fidelity Insurance, Trust & Safe Deposit Company (trustee for Josephine Y. Delbert), Goethe Building Association No. 2, the Pennsylvania Company for Insurance on Lives and Granting Annuities (trustee for Fannie Y. Riter), Gilbert Riter (trustee for Caroline Y. Riter), and City Hall Building & Loan Association. It averred: That on the 20th day of March, 1891, the said Keystone Bank was declared insolvent, and taken charge of by the comptroller of the currency of the United States, and that on the 9th day of May, 1891, the said complainant was appointed receiver of the said institution. That, on the day of the failure, William S. Torr was a shareholder of said bank, and was the owner and holder of 755 shares of the capital stock thereof. That the said comptroller subsequently ordered an assessment of $50 per share upon the shareholders, in pursuance of the act of congress in such case made and provided; that is to say, the sum of $37,750 upon William S Torr, as the holder of the shares before mentioned. That subsequently the complainant commenced a suit for the recovery of the said sum against the said William S. Torr, and obtained a judgment against him for the sum of $39,781.88, with interest, on the 23d day of January, 1893. That complainant on the 23d day of February, 1893, issued a writ of fieri facias on said judgment against said William S. Torr, which writ was duly returned nulla bona. That said judgment was yet in force, and the whole amount, with interest, was due thereon. That on the 20th day of March, 1891,—the day of the failure of the Keystone Bank,—said William S. Torr was the owner in fee simple of certain real estate situate in the county of Philadelphia, and within the Eastern district of Pennsylvania, particularly described in the bill, and consisting of several lots or pieces of ground referred to and designated as A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z. That said real estate was unincumbered, and of the value of $40,000 and upwards, and that said William S. Torr had no other real estate, and that he has no personal property which is subject to levy and execution. That for and with the purpose and intent to hinder, delay, and defraud his creditors of their 'just and lawful actions, debts, and damages, said William S. Torr did convey all of the said real estate without any valuable consideration whatever, but for the alleged consideration of natural love and affection, as in his deeds of conveyance expressed,—that is to say, on the 9th day of May, 1891, he executed and delivered five several deeds of conveyance, the first to his son Charles C. Torr, his heirs and assigns, for the real estate described as A to K, inclusive; the second to his daughter Lucy Torr, her heirs and assigns, for the premises described as L to S, inclusive; the next two to his daughter Anna Bringhurst, her heirs and assigns, for the premises described as T to X, inclusive; the last to his son Harry Torr, his heirs and assigns, for the premises described as Y and Z. That by the act of 13 Eliz. c. 5, which is part of the common law of Pennsylvania, the said five conveyances are void, frustrate, and of none effect. That said defendant Charles C. Torr subsequently mortgaged and conveyed the said several premises to the said defendants the George Nugent Home for Baptists, the City Hall Building & Loan Association, William Smith, James Welsh, and James Tully. That said Lucy Torr subsequently, by various conveyances, conveyed the said several premises to others of the said defendants,

and that said Harry Torr did the same. That said Anna Bringhurst and Washington H. Bringhurst, her husband, subsequently conveyed the said several premises, for the consideration of five dollars, to Charles E. Taber, trustee, and the said Charles E. Taber, trustee, on the same day, for the consideration of five dollars, conveyed the said several premises to the said Washington H. Bringhurst, husband of said Anna Bringhurst, who now holds the same. That all the grantees, mortgagees, purchasers, and takers from the said children took with notice that the deeds of conveyance from said William S. Torr were wholly without consideration and void, as against the creditors of the said William S. Torr, and made with intent to hinder and defraud his creditors. Wherefore the bill prayed relief by cancellation of the said conveyances and mortgages. The defendants other than the four children filed separate answers, denying that they had notice that the said deeds were void in law, and made with intent to defraud creditors, and averred that full consideration had been paid for the same, asking that the complainant be put to his proofs.

Cases cited by counsel for complainant:

Hanson v. Eustace, 2 How. 688; McKibbin v. Martin, 64 Pa. St. 352–356; Mateer v. Hissim, 3 Pen. & W. 160; Treadway v. Turner (Ky.) 10 S. W. 816; Clements v. Moore, 6 Wall. 299; Post v. Stiger, 29 N. J. Eq. 554.

Cases cited by counsel for defendants:

Appeal of Rowley, 115 Pa. St. 150, 9 Atl. 329; Bailie v. Bailie, 166 Pa. St. 472, 31 Atl. 246; Kennedy v. Gibson, 8 Wall. 498–505; Buckley v. Duff, 114 Pa. St. 596–603, 8 Atl. 188; Ditman v. Raule, 124 Pa. St. 225, 16 Atl. 819.

Read & Pettit, for plaintiff.

John G. Johnson, George P. Rich, W. C. Ferguson, J. Willis Martin, and Francis F. Kane, for defendants.

BUTLER, District Judge. Not only were the conveyances from W. S. Torr voluntary and therefore ineffectual as against existing creditors, but the time and circumstances under which they were made raise a strong presumption that they were executed in anticipation of a call to respond to his statutory obligation as a stockholder of the bank. For the purposes of this case however, it is sufficient that the transfers were voluntary, and that the properties transferred constituted substantially all he owned.

His obligation to the creditors of the bank was a debt, in no respect different from other debts subject to contingencies. Here indeed no contingency existed; the bank was insolvent and a large amount of indebtedness existed which the stockholders were responsible for. The transfers are therefore void as against the plaintiff; and to the extent that the properties remain in possession of the original grantees, and also to the extent of all proceeds in their hands, of sales or mortgages made by them, the bill is sustained.

As respects purchasers from these grantees for valuable consideration, and mortgagees who have loaned money on the properties, without notice, the bill must be dismissed. The plaintiff concedes that all transfers and mortgages by the grantees were for full value, and without actual notice, except that made by Mrs. Bringhurst to her husband. It is urged, however, that the conveyances from Torr were, on their face, sufficient to put purchasers and mortgagees to inquiry. I do not think so; presumably the conveyances were honest. This is the natural and legal inference. It could not

be inferred that the grantor was indebted, or that he had not retained sufficient property to pay his debts, if he had any. Besides, of what avail would inquiry have been—of whom could it be made? The grantor and grantees would say the transaction was honest; their acts said so. If they had believed the transfers to be unlawful, and intended to perpetrate a fraud, the face of the deeds would be otherwise, the considerations would have been different. It is quite probable that the grantor did not regard the liability arising out of his relation to the bank as a debt, and he would therefore have answered that he was not indebted, if the question had been asked. The purchasers and mortgagees could not be expected to know or suspect that he was such stockholder and consequently to inquire at the bank. I will not pursue the subject, nor comment on the authorities cited by counsel. The cases are not entirely harmonious nor generally in point. Most that is said on the subject is mere dicta. The weight of authority, however, is against the plaintiff.

As respects the property transferred to Mr. Bringhurst the bill is sustained.

I do not find anything in the case which calls for further comment.

A decree may be prepared as indicated.